# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BURMAN WINTHROP,

      Petitioner,

-vs-                                    Case No.  8:08-cv-2459-T-30TBM

STATE OF FLORIDA, et al.,

      Respondents.

_____/

## <u>ORDER</u>

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging 1999 convictions for two counts of sale of cocaine and two counts of possession of cocaine entered by the Sixth Judicial Circuit Court, Pasco County, Florida (Dkt. 1). Respondent has filed a motion to dismiss Petitioner's petition as an unauthorized second or successive petition (Dkt. 6).

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the

consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner has previously sought federal habeas relief in this Court regarding the convictions he challenges in this action. *See Winthrop v. Moore*, 8:01-CV-2239-T-23EAJ (M.D. Fla. 2001) (denied August 20, 2003). Clearly, this is a second or successive petition.

Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his application. This case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1.     Respondent's motion to dismiss (Dkt. 6) is **GRANTED**. This case is **DISMISSED** without prejudice.

2.     The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3.    The **Clerk** shall terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner
Counsel of Record

S:\PDF TEMP FILE\08-cv-2459.winthrop.wpd